# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRANK CHAPMAN, SAMUEL LOMAX, and CECIL L. MORTON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case number 4:05cv2334 TCM<br>) |
| SAMUEL J. SIMON and GENE STUBBLEFIELD, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court[1] on a motion for summary judgment filed by plaintiffs Frank Chapman, Samuel Lomax, and Cecil Morton and on a motion to dismiss filed by defendants Samuel J. Simon and Gene Stubblefield.

## Background

Plaintiffs allege in their complaint that: (1) Simon is the acting Director for the Department of Public Safety for the City of St. Louis; (2) Stubblefield is the acting Superintendent of the Medium Security Institution ("MSI") for the City of St. Louis; and (3) Plaintiffs' constitutional rights were violated by (a) overcrowding and lack of outdoor exercise, (b) inadequate heating and ventilation, resulting in problems for asthmatics and older inmates and detainees, (c) inadequate diet and food preparation, specifically lukewarm or cold food that is allowed to sit for so long that it might be contaminated, (d) restricted

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

visitation privileges, i.e., one hour each week, (e) denial of their right to practice their religion, i.e., only five inmates are permitted to attend religious services at any one time, and (f) lack of separation by building of inmates by age, i.e., juvenile or adult, and by security classification.[2]

In their motion for summary judgment, Plaintiffs allege that (i) the City of St. Louis has been cited for the lack of exercise and inadequate heat and ventilation and the overcrowding has been admitted by four MSI officials, (ii) MSI inmates housed in dormitory one have developed staph infections from a three-day period when sewage was leaking, and (iii) they have suffered from outbreaks of fighting due to the overcrowding. Plaintiffs request in their motion that an independent counsel be appointed to oversee the conditions at MSI. Defendants oppose the motion.[3]

On the other hand, Defendants move to dismiss on the grounds that, inter alia, the allegations against them are impermissibly based on theories of respondeat superior.[4] Plaintiffs counter that Defendants knew of the complained-of conditions yet failed to do anything to improve them.

---

[2]These allegations are strikingly similar to those in a § 1983 complaint dismissed by the Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri, in Jones v. Simon, No. 4:06cv12 CAS, 2006 WL 2375373 (E.D. Mo. Aug. 14, 2006).

[3]In their opposition, Defendants state that insofar as the three numbered paragraphs in Plaintiffs' motion may be construed as a statement of uncontroverted material facts, see E.D.Mo.L.R. 4.01(E), they deny such. Contrary to Plaintiffs' interpretation, this statement does not relate to the allegations in Plaintiffs' complaint and is not inconsistent with Defendants' answer.

[4]Defendants also move to dismiss the claims against Lomax for his failure to keep the Court informed of his current address. Lomax has since notified the Court of his change of address.

**Discussion**

Plaintiffs' Motion.  "Rule 56(c) [of the Federal Rules of Civil Procedure] 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" **Erenberg v. Methodist Hosp.**, 357 F.3d 787, 791 (8th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)) (alteration added).  An issue of material fact is genuine if it has a real basis in the record; and, a genuine issue of fact is material if it "might affect the outcome of the suit under the governing law." **Hartnagel v. Norman**, 953 F.2d 394, 395 (8th Cir. 1992) (citations omitted).

The initial burden is on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in its favor.  See **Kincaid v. City of Omaha**, 378 F.3d 799, 803-04 (8th Cir. 2004).  After the moving party discharges this burden, the non-moving party then bears the burden of setting forth specific facts by affidavit or otherwise showing that there is a genuine issue for trial.  **Id.** at 804.  See also **Henthorn v. Capitol Communications, Inc.**, 359 F.3d 1021, 1026 (8th Cir. 2004) ("Mere allegations not supported with specific facts are insufficient to establish a material issue of fact and will not withstand a summary judgment motion.").  "Only admissible evidence may be used to defeat [a summary judgment] motion[,] and affidavits must be based on personal knowledge." **Id.** (alterations added) (interim quotations omitted).  A verified complaint is "'the equivalent of an affidavit for summary judgment purposes.'" **Munz v. Michael**, 28 F.3d 795, 798 (8th Cir. 1994) (quoting Williams v. Adams, 935 F.2d 960, 961 (8th Cir. 1991)).

Additionally, "[s]ection 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States." **Winters v. Adams**, 254 F.3d 758, 765 (8th Cir. 2001) (alteration added). "'In order to survive a motion for summary judgment under § 1983, the plaintiff must raise a genuine issue of material fact as to whether (1) the defendants acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" **Kuha v. City of Minnetonka**, 365 F.3d 590, 595 (8th Cir. 2004) (quoting Cooksey v. Boyer, 289 F.3d 513, 515 (8th Cir. 2002)).

The allegations in Plaintiffs' motion fail to support summary judgment because they are either (a) conclusory or (b) not based on personal knowledge or otherwise admissible evidence.

Defendants' Motion. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim. In considering a Rule 12(b)(6) motion, this Court must assume that all the facts alleged in the complaint are true and must grant the nonmovant every reasonable inference. **Knieriem v. Group Health Plan**, 434 F.3d 1058, 1060 (8th Cir. 2006). "'A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of acts to warrant a grant of relief.'" **Id.** (quoting Gilmore v. County of Douglas, Neb., 406 F.3d 935, 937 (8th Cir. 2005)). "'Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" **Parnes v. Gateway, Inc.**, 122 F.3d 539, 546 (8th Cir. 1997) (quoting Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982)).

"'Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.'" **Mayorga v. Missouri**, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)). Thus, "[t]o establish personal liability of [a] supervisory defendant[], [Plaintiffs] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [their] constitutional rights." **Id.** (alterations added). "[A] general responsibility for supervising the operations of a prison is insufficient to establish" liability under § 1983. **Camberos v. Branstad**, 73 F.3d 174, 176 (8th Cir. 1995) (alteration added). Accord **Beck v. LaFleur**, 257 F.3d 764, 766 (8th Cir. 2001); **Burgess v. Moore**, 39 F.3d 216, 218 (8th Cir. 1994).

Plaintiffs allege neither personal involvement nor any direct responsibility of Simon and Stubblefield for the complained-of deprivations. Rather, they allege that the two defendants knew of those deprivations yet failed to remedy them. Corrective inaction does not amount to deliberate indifference based only on when the supervisor knew or should have known of the violation. **Boyd v. Knox**, 47 F.3d 966, 968 n.1 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 835-36 (1994)). Thus, Plaintiffs have failed to state a claim against either defendant. See **Jones**, 2006 WL 2375373 at *2 (dismissing identical § 1983 claims against Simon and Stubblefield on grounds that plaintiffs' claims were impermissibly based only on theory of respondeat superior).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment is **DENIED**. [Doc. 34]

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **GRANTED**.

[Doc. 44]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III  
THOMAS C. MUMMERT, III  
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of October, 2006.